| | AUSA: | Barbara Lanning | Telephone: | (313) 226-9100 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Task Force Officer: | Matthew Baker | Telephone: | (313) 965-2323 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br>v.<br>Scott Allen Patton | Case No. | Case: 2:26−mj−30330<br>Assigned To : Unassigned<br>Assign. Date : 6/3/2026<br>Description: RE: SCOTT ALLEN PATTON (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 1, 2026 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C.§ 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Matthew Baker, Task Force Officer
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _June 3, 2026_____

_____
*Judge's signature*

City and state:  Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
_____
*Printed name and title*

<u>**AFFIDAVIT**</u>

I, Task Force Officer Matthew Baker, being duly sworn, depose and state the following:

## I.   INTRODUCTION

1.   I have been a Task Force Officer with the Federal Bureau of Investigation (FBI) since September 2025, and a Police Officer in the City of Dearborn since August 2015.  I am currently assigned to the FBI Detroit Violent Crime Task Force (VCTF). I have conducted or assisted in numerous investigations of federal violations, including crimes of violence, firearms, and drug trafficking. I have gained experience through training and everyday work related to these types of investigations.

2.   I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement officers, and information gained by my training and experience. This affidavit does not include all the information known to law enforcement related to this investigation.

3.   FBI is currently conducting a criminal investigation concerning SCOTT PATTON for violation of 18 U.S.C. § 922 (g)(1), as a felon in possession of a firearm.

## II.   PROBABLE CAUSE

4.      On June 1, 2026, at approximately 1:17 p.m.,  officers from the Dearborn Police Department responded to 24130 Michigan Ave (Red Roof Inn) to investigate a person with a firearm. A 911 caller described the person with the gun as a man wearing a white shirt and gray joggers. The 911 caller also reported the man had an RV/camper parked at the hotel.

5.      Officers conducting drone surveillance on the hotel observed a white RV leaving the hotel. Dearborn officers conducted a traffic stop on the RV, which had an unregistered plate, near Telegraph Road and Oxford Street. During the traffic stop, PATTON was the sole occupant of the RV. Officers ordered PATTON out of the driver's seat and temporarily detained him.

6.      Officers learned that PATTON had an outstanding felony warrant. Officers ordered a tow for the RV. Prior to the impound, officers searched the RV. During the search, officers located a loaded black Hi-Point JHP .45 caliber pistol under a swivel chair that was within arms reach of where PATTON was seated in the driver's seat. Officers also located a backpack that contained clothing, photos and documents that belonged to PATTON.

7.      Officers went to the Red Roof Inn on Michigan Ave and spoke with the 911 caller, Adult Victim (AV-1). AV-1, an employee of the hotel, reported that after AV-1 told PATTON he had to move his RV, PATTON began to yell obscenities toward AV-1 and said, "I'll be right back", and returned inside his

2

room. AV-1 explained that once PATTON retreated into the room, AV-1 heard the sound of a gun charge from inside the room. AV-1 stated that PATTON returned outside of the room and produced a black pistol and held it at his side. AV-1 told PATTON that he was calling the police. PATTON then left in his RV.

8.     Officers at the Red Roof Inn watched security video of the incident. The video depicted PATTON and AV-1 having a verbal argument in the hallway of the hotel. During the argument, PATTON went into a hotel room and came back out carrying what appeared to be a black handgun. PATTON held the gun in his right hand, pointed at the ground, during the argument.

9.     On June 2, 2026, I contacted an ATF Special Agent who is an Interstate Nexus Expert and provided information about the Hi-Point JHP, .45 caliber handgun. The ATF Special Agent concluded that the firearm is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured outside the State of Michigan, and therefore previously traveled in interstate or foreign commerce.

10.     I reviewed records related to PATTON'S criminal history and learned the following:

    a. On or about October 6, 1987, PATTON was charged with one count of UDAA in Farmington Hills. On January 27, 1988, PATTON pleaded guilty as charged in Oakland County's Sixth Circuit Court. He was subsequently sentenced to a term of one year incarceration.

3

b. On or about October 14, 1991, PATTON was charged with felony larceny in Garden City. PATTON later pleaded guilty to one count of attempt felony larceny from a motor vehicle in Wayne County's Third Circuit Court. On February 12, 1992, PATTON was sentenced to a term of 12–30 months' incarceration with the Michigan Department of Corrections.

c. On or about November 26, 1996, PATTON was charged with felony assault in Wayne. PATTON later appeared in Wayne County's Third Circuit Court for assault with a dangerous weapon, domestic violence, misdemeanor domestic violence and/or knowingly assaulting a pregnant individual – 2nd offense. On April 26, 1997, PATTON pleaded guilty to misdemeanor domestic violence and/or knowingly assaulting a pregnant individual – 2nd offense. On March 26, 1997, PATTON was sentenced to a term of two years' probation.

d. On or about August 8, 1998, PATTON was charged with assault. PATTON later appeared in Antrim County's 13th Circuit Court and pleaded guilty to misdemeanor resist and obstruct a police officer and misdemeanor domestic violence. On February 25, 1999, PATTON was sentenced to 12–24 months of confinement.

e. On or about October 10, 1998, PATTON was charged with felony

4

larceny in Wayne. PATTON later appeared in Wayne County's Third Circuit Court and pleaded guilty to felony larceny. PATTON was sentenced on January 12, 1999, to a term of three years' probation.

f. On or about July 18, 2004, PATTON was charged with felony assault / resisting on a police officer and operating a motor vehicle while intoxicated in Hillsdale. On July 30, 2004, PATTON appeared at 2B district court and pleaded guilty to operating a motor vehicle while intoxicated. PATTON was sentenced to six months of probation.

g. On or about September 15, 2004, PATTON was charged with felony assault, misdemeanor dangerous drugs, and operating a motor vehicle while intoxicated. On September 16, 2004, PATTON was charged with operating a motor vehicle while intoxicated, driving with a suspended license, possession of marijuana or synthetic equivalents, and felony domestic violence–3rd offense. On December 8, 2004, PATTON appeared at 2B District court and pleaded no contest to misdemeanor domestic violence and or knowingly assaulting a pregnant individual – 2nd offense, operating a motor vehicle while intoxicated – 2nd offense, and driving with a suspended license. PATTON was sentenced to 120 days in jail.

5

h. On or about November 14, 2005, PATTON was charged with felony assault and felony damage to property in Hillsdale. On December 19, 2005, PATTON appeared at the 1st Circuit Court and pleaded no contest to felony damage to property. On January 1, 2006, PATTON was sentenced to 30–72 months in prison. The domestic violence charge was dismissed.

i. On or about May 9, 2009, PATTON was charged with misdemeanor assault in Westland. On May 12, 2009, PATTON appeared at the 18th District Court and pleaded guilty to assault and battery. PATTON was sentenced to 20 days in jail and one year of probation.

j. On or about April 12, 2013, PATTON was charged with assault and a misdemeanor traffic offense in Dearborn Heights. On August 2, 2013, PATTON appeared at Wayne County's Third Circuit Court and pleaded guilty to felony domestic violence–3rd offense. PATTON was sentenced to three years' probation.

k. On or about September 12, 2014, PATTON was charged with traffic offenses in Dearborn Heights. On October 27, 2014, PATTON appeared at the Wayne County Third Circuit Court and pleaded guilty to felony operating a motor vehicle while intoxicated and misdemeanor driving while license suspended. PATTON was

6

sentenced to a continued probation period from his ongoing probation sentence.

l.  On or about April 3, 2016, PATTON was charged with assault in Dearborn Heights. On April 26, 2016, PATTON appeared at the 20th District Court for felony domestic violence–3rd offense, but the case was dismissed.

m. On November 11, 2016, PATTON was charged with assault and obstructing police. On April 5, 2017, PATTON appeared in Wayne County's Third Circuit Court and pleaded no contest to felony domestic violence–3rd offense. PATTON was sentenced to six months in confinement and three years of probation.

n.  On or about July 8, 2019, PATTON was charged with obstructing police and assault. On August 28, 2019, PATTON appeared in Wayne County's Third Circuit Court and pleaded guilty to two counts of felony assault/resisting/obstructing on a police officer. PATTON was sentenced to two years of probation.

o.  On or about February 27, 2025, PATTON was arrested and charged with a controlled substance offense. On September 25, 2025, PATTON appeared in Wayne County's Third Circuit Court and pleaded guilty to misdemeanor use of a controlled substance. PATTON was sentenced to 18 months' probation. PATTON is still

7

on probation for this offense.

11.     Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the time PATTON has spent incarcerated or under supervision as a result of his felony convictions, and the number and severity of his convictions, there is probable cause to believe that PATTON is aware of his status as a convicted felon.

## III.     CONCLUSION

12.     Probable cause exists to believe that Scott PATTON, a convicted felon aware of his felony convictions, did knowingly and intentionally possess a Hi-Point JHP, .45 caliber handgun, said firearm having affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1). This violation occurred on or about June 1, 2026, in the Eastern District of Michigan.

Respectfully submitted,

_____
Matthew Baker, Task Force Officer
Federal Bureau of Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable David R. Grand
United States Magistrate Judge                     Dated:  June 3, 2026

8